14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louis SAMUELS, Defendant-Appellant.
 No. 93-5092.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 23, 1993.
Jan. 5, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-91-33-MU)
 Donnie Hoover, David F. Williams, Hoover, Williams & Exum, P.A., Charlotte, NC, for appellant.
 Jerry W. Miller, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Louis Samuels was convicted by a jury of four counts of unlawful possession of a firearm in violation of 18 U.S.C.A.Sec. 922(g)(1) (West Supp.1993). Initially sentenced as a career offender, his sentence was vacated on appeal. In United States v. Samuels, 970 F.2d 1312 (4th Cir.1992), we found that Samuels qualified as an armed career criminal pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 4B1.4 (Nov.1992), with an offense level of thirty-four, a criminal history category of VI, and a guideline range of 262-327 months, and remanded for resentencing "consistent with this ruling." Id. at 1316. The district court complied, but departed upward to offense level thirty-five, with a resulting guideline range of 292-365 months, and imposed a sentence of 365 months. Samuels appeals. He contends that the district court exceeded the scope of the remand by departing, and that the departure was without basis. We affirm.
 
 
 2
 Samuels correctly states that the sentencing court is required to follow the mandate of the appeals court on remand. It may not take up any issue which has been expressly or implicitly decided either by the district court or the appeals court, or one which has been waived or forfeited by the party raising it. See United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993) (Bell II ). This Court's prior decision directed the district court to sentence Samuels as an armed career criminal and set out the applicable offense level, criminal history category, and guideline range. It did not rule on the propriety of a departure above or below the guideline range. It thus precluded consideration of any issue related to the calculation of the guideline range. However, the question of departure arises only after the guideline range has been determined. The government understandably did not request a departure above the 360 months-to-life guideline range previously used. The government's failure to raise the issue of departure at the initial sentencing hearing did not foreclose it from requesting a departure once the correct guideline range had been determined to be much lower than the 360 months-to-life range first used.
 
 
 3
 We review the departure under the test set out in United States v. Hummer, 916 F.2d 186 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3702 (U.S.1991), which requires the sentencing court to first identify an aggravating factor not adequately considered in the guidelines, determine that it is present in the case, and determine that it is sufficiently serious to warrant a departure. The first element of the test is easily satisfied here, because the guidelines permit a departure above the armed career criminal guideline range when the defendant's criminal history category does not adequately reflect the seriousness of his criminal history or the likelihood of recidivism. U.S.S.G. Secs. 4B1.4, comment. (backg'd), 4A1.3; see also United States v. Ford, 996 F.2d 83 (5th Cir.1993).
 
 
 4
 Based on evidence presented during Samuels' trial and at his initial sentencing hearing, the district court found that Samuels had committed a number of rapes, sexual assaults, and other violent acts for which he was never prosecuted, and which were not included in his criminal history calculation. It found that this conduct warranted a departure. We find no clear error in the court's determination. Although Samuels argues otherwise on appeal, reliable hearsay evidence may be considered for sentencing purposes. United States v. Roberts, 881 F.2d 95 (4th Cir.1989). Moreover, none of the conduct on which the court based its departure had contributed to Samuels' criminal history score, which distinguishes this case from United States v. Morrison, 946 F.2d 484, 496 (7th Cir.1991), cert. denied, 61 U.S.L.W. 3435 (U.S.1992).
 
 
 5
 Finally, the court did not abuse its discretion in departing upward by one offense level. The commentary to section 4A1.3 instructs a sentencing court departing above category VI to"move incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." See United States v. Cash, 983 F.2d 558, 561 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3773 (U.S.1993). The court followed exactly this procedure.
 
 
 6
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED